IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 2000 Session

## WILLIE JAMES ROBINSON, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Morgan County**
**No. 8570     E. Eugene Eblen, Judge**

---

**No. E1999-00945-CCA-R3-PC**
**August 30, 2000**

---

The defendant seeks habeas corpus relief from two life sentences, claiming that the sentences are void because the trial judge failed to sign the judgments or the minutes. We hold that the failure to sign the judgments and the minutes does not render the petitioner's sentences void. The trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker, District Public Defender, and Walter B. Johnson, II, Assistant District Public Defender, for the appellant, Willie James Robinson, Jr.

Paul G. Summers, Attorney General and Reporter; R. Stephen Jobe, Assistant Attorney General; J. Scott McCluen, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Willie James Robinson, Jr., appeals as of right from the Morgan County Criminal Court's order dismissing his habeas corpus petition without a hearing. He contends that his convictions are void because the trial judge failed to sign the judgments and the minutes. We affirm the trial court.

Germane to this appeal, the record reflects that the petitioner was sentenced in 1987 to concurrent life terms as a habitual criminal on convictions for third degree burglary and grand larceny. The pro se petition alleges that the judgments are void because they are not signed by the sentencing judge as required by law. See Tenn. Code Ann. § 516-1-106; Tenn. R. Crim. P. 32(e). It also asserts that the petitioner should be resentenced as relief.

Attached to the petition are copies of documents titled "CONVICTION" that are certified by the Knox County Criminal Court Clerk to be "true and perfect" copies of the sentences pronounced in court, the Honorable John J. Duncan, Jr., presiding. The documents reflect the nature of the charges, the jurors before whom the petitioner was tried, the verdicts, and the sentences imposed by the trial court. No place exists on the documents for a judge to sign.

The petitioner also relies upon the affidavit of counsel filed in the trial court five months after the appeal of this case. The affidavit was transmitted to the appellate court clerk's office pursuant to a trial court order to include the affidavit in the record on appeal. In the affidavit, counsel affirmed that he reviewed the petitioner's files in the Knox County Criminal Court Clerk's office and that they did not contain judgments of convictions signed by any judge. He also affirmed that each file contained "copies of minute entries for the convictions" but that the entries were signed by the trial court clerk, not the trial judge.

The state asserts that the documents attached to the petition are not judgment forms, but are affidavits from the trial court clerk attesting to what occurred in the petitioner's cases. It argues that the documents do not prove that judgments were not signed by the trial judge. As for the attorney's affidavit that the minutes are not signed by the trial judge and that the files contain no judgment forms, the state responds that the provisions requiring trial judges to sign the minutes are directory rather than mandatory. In this respect, it relies upon two cases from this court that hold that the failure of the trial court to sign the minutes does not render a conviction and sentence void for habeas corpus purposes. See Jerry L. Johns v. State, No. E1999-00260-CCA-R3-CD, Morgan County (Tenn. Crim. App. Mar. 9, 2000), applic. filed (Tenn. July 22, 1999); Paul A. Mayes v. State, No. E1999-01374-CCA-R3-CD, Morgan County (Tenn. Crim. App. Feb. 24, 2000), applic. filed (Tenn. Aug. 16, 1999).

First, we conclude that the affidavit from the petitioner's attorney is not properly before us as evidence that may be considered in this appeal. It was neither filed with nor considered by the trial court while the trial court had jurisdiction to decide this case. The petitioner has presented no basis for us to consider it under these circumstances. However, we take judicial notice of the record on appeal in the petitioner's appeal from his convictions. See Record, Vol. I at 53-55, State v. Johnny Carl Weaver and Willie Robinson, Jr., No. 1179, Knox County (Tenn. Crim. App. Dec. 8, 1988). The copy of the trial court minutes containing the judgments that was filed as part of the record has "(S) John J. Duncan, Jr." typed on the signature line.

In cases arising from criminal convictions, habeas corpus relief will occur "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)). In the present case, we do not believe that the failure of the judgments or minutes to contain a handwritten signature of the trial judge shows that the trial court was without jurisdiction to sentence the petitioner. Similar typed signatures were at issue in Mayes and Johns. In both cases, this court

concluded that the failure of a trial judge to sign a judgment or the minutes did not render a conviction or a sentence a nullity.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of habeas corpus relief.

_____
JOSEPH M. TIPTON, JUDGE